OPINION
Appellant, Sara Matthews (formerly Sara Matthews Kinas), appeals the judgment of the Ashtabula County Court of Common Pleas, Juvenile Division, which granted permanent custody of her two children to appellee, Ashtabula County Children Services Board ("CSB").
Appellant's first child, Jason Crofts, was born to appellant and William Crofts, on January 28, 1993, when appellant was sixteen-years-old. Appellant's second child, Christopher Crofts, was born to appellant and Dwayne Kinas, on March 12, 1995. Appellant gave Christopher the last name Crofts so that he and his brother would have the same last name. Neither father has been involved in this case.
Jason was first taken into protective custody in November of 1993, in Florida. The reason why he was taken into custody is not clear from the record. From what we can discern, it appears that Jason was taken into custody because he was injured when he fell through a swing and did not receive adequate medical treatment. None of the witnesses from the CSB had personal knowledge about the circumstances involved. Jason was first adjudicated dependent and placed in the temporary custody of Ashtabula County's CSB on October 18, 1995, at the request of Florida's children services board. The proceedings were transferred to Ashtabula County so that Jason could be placed with appellant's sister, Angela Lowe. Jason lived with Angela about six months, when appellant requested that he be removed from her and placed in foster care. In response to that request, the CSB placed Jason in a foster home.
Christopher was first taken into the custody of the Ashtabula CSB on October 11, 1995, also at appellant's request, because her husband, Dwayne Kinas, was using all of their money to buy drugs, rather than food and diapers for Christopher. The CSB submitted a case plan to the court to work towards reunification of the family. The case plan was nearly identical to the one developed by Florida, which required that appellant attend counseling, parenting classes, anger management, and that she maintain suitable housing. Both children were placed in the same foster home.
Appellant joined the army in February 1996, but was discharged, after six months, because of an injury. On July 30, 1996, while appellant was in the army, the CSB filed a motion for permanent custody because it did not believe that appellant showed proper commitment to the children and did not adequately remedy the conditions for which the children were taken into custody. Specifically, she had not completed her anger management counseling and had visited Jason and Christopher sporadically. Appellant, who moved to Greenville, Illinois after leaving the army, filed a motion, on June 26, 1997, to transfer the proceeding to Bond County, Illinois. A hearing was held before a magistrate, on October 16 and 17, 1997.
At the hearing, the CSB established that appellant had missed many of her scheduled visits with the children. However, she had met all of the other requirements of the case plan, except for completion of anger management counseling. Betty Lytle, a psychological assistant for appellee, testified that as long as appellant continued counseling, there would be no danger in placing the children with her. Fredia Benton, the case manager for the CSB, testified that permanent custody was in the children's best interest so that they could have a stable placement. She testified that the children had a strong bond with the foster parents and that Jason, who had some developmental problems, had improved dramatically under the care of the foster parents. She further testified that appellant had missed many scheduled visits, the children barely knew who she was, and she had not completed her case plan, specifically anger management counseling.
Paul Kinnick, the guardian ad litem, testified that, although he initially recommended that the CSB be granted permanent custody, he changed his mind after meeting with appellant and reading a home study report completed by Paul Terry of the Illinois' children services. He recommended that custody be given to appellant, but had some reservations about her continued contact with Dwayne Kinas, who had trouble with drugs and the law. Mr. Terry, who was not present to testify, had completed the home study report at the request of the Ashtabula CSB and recommended that custody be granted to appellant; however, despite the fact that the report was completed at the CSB's request, the magistrate, upon the CSB's objection, did not allow the report to be admitted into evidence, ruling that it was hearsay.
Appellant testified that: she had just bought a new modular home in Greenville; she intended to go to college for education and child psychology; she had missed visits with her children because she could not get leave from the army and she had problems obtaining transportation from Illinois to Ashtabula; she missed her anger management counseling because she did not feel that it was helping her; and, she had a job as a nurse's assistant at Utlaut Memorial Hospital.
On February 6, 1998, the magistrate issued a decision wherein she recommended that appellee be granted permanent custody because the children could not be placed with appellant in the foreseeable future. She also set a hearing for March 13, 1998 to determine the children's best interest. The trial court adopted the magistrate's findings and conclusions, on February 13, 1998.
At the hearing held on March 13, appellant testified that she was pregnant, engaged to be married, and had cervical cancer. Once again, the magistrate recommended that the CSB be given permanent custody. Appellant filed objections to the magistrate's decision, which were overruled by the trial court. In both decisions, the magistrate set forth her findings of fact, the applicable statutes, and a recommendation. On April 6, 1998, the trial court adopted the magistrate's recommendations and made no additional factual findings. In adopting the magistrate's recommendations, the trial court's judgment entries merely repeated the magistrate's recommendations with a few grammatical changes to comply with the requirements for judgment entries. The final judgment entry read:
 "This court has jurisdiction over the parties and the subject matter.
 "Jason David Croft[s] and Christopher Alex Croft[s] cannot and/or should not be placed with either parent at this time or in the foreseeable future.
 "It is in the best interest of Jason David Croft[s] and Christopher Alex Croft[s] that permanent custody be granted to Ashtabula County Children Services Board.
 "The motion for permanent custody filed by Ashtabula County Children Services Board is granted and Jason David Croft[s] and Christopher Alex Croft[s] are placed in the permanent custody of Ashtabula County Children Services Board."
Appellant raises the following assignments of error for our review:
 "[1.] The trial court erred in not making specific findings under R.C. 2151.414(D) nor R.C. 2151.414(E).
 "[2.] The trial court erred in failing to make independent review of the facts, as it merely incorporated by reference the magistrate's report.
 "[3.] The trial court erred in failing to serve appellant properly.
 "[4.] The trial court erred in not ruling on the appellant's motion to transfer the case to Bond County, Illinois."
In her first assignment of error, appellant asserts that the trial court did not make the findings required under R.C. 2151.414
in order to grant permanent custody. Appellee counters that because appellant failed to file a motion for findings of fact, the trial court was not required to spell out factors in its decision.
Appellee correctly observes that appellant did not file a motion for findings of fact and conclusions of law. However, appellant did file objections to the magistrate's decision wherein she objected that the magistrate "erred in not stating with specificity on what grounds the motion for permanent custody be granted." Her objections were sufficient to overcome any requirement that she file a motion for findings of fact and conclusions of law, had it been necessary. Such a motion was not necessary in the instant case. The magistrate filed detailed findings of fact and conclusions of law, but failed to properly apply the law to those findings. Under those circumstances, appellant properly filed objections to preserve the matter for appeal.
In determining a motion for permanent custody, the trial court must adhere to the guidelines set forth in R.C. 2151.414. Pursuant to R.C. 2151.353(A)(4), the court may award permanent custody to a public children services agency if the court determines, by clear and convincing evidence, after a child has been found by the court to be dependent, that it is in the best interest of the child to grant the movant permanent custody and that the child cannot be placed with either of his parents within a reasonable time or should not be placed with his parents. Inthe Matter of Alexander (Dec. 19, 1997), Trumbull App. No. 96-T-5510, unreported.
To determine whether a child can be placed, in the foreseeable future, with one of his parents, R.C. 2151.414(E)(1) provides that:
 "[f]ollowing the placement of the child outside his home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties."
While both the trial court's judgment entry and the magistrate's decision conclude that the children could not or should not be placed with appellant, neither specifies a reason for this conclusion. Though the magistrate's decision listed the factors set forth in R.C. 2151.414, her decision did not apply the factors. The trial court did not even list the factors.
In the current case, it is not clear from the record that the children cannot be placed with appellant within the foreseeable future. At least three people, including the guardian ad litem
whose duty it is to protect the children's best interests, have concluded that there would be no danger in placing the children with appellant. She has purchased a residence deemed suitable for the children by Illinois' children services board and has obtained employment. Though she has not completed her anger management counseling as required by the case plan, there was no showing that any problem she may have had with anger is a danger to her children. From the record, it appears that appellant could support two children.
Because it is not clear from the record why Jason was taken into custody in Florida, it is impossible for this court to determine if appellant has substantially remedied the condition that caused his initial placement. The initial placement of Christopher was made voluntarily by appellant, due to lack of funds to care for him. This problem was caused by her then husband's drug problem. This is no longer a problem because she has divorced him and moved from the area. Appellant's first assignment of error has merit.
The first assignment of error being dispositive of the appeal, appellant's second, third, and fourth assignments of error are moot.
Based on the foregoing considerations, we hold that the trial court erred in granting appellee permanent custody. We reverse and remand so that the trial court can comply with the requirements of R.C. 2151.414.
 __________________________________________ JUDGE ROBERT A. NADER
CHRISTLEY, P.J., MAHONEY, J., Ret., Eleventh Appellate District, sitting by assignment, concur.